UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK D. BACKHAUS**, | ) | Case No. 5:05 CV 2140 |
| | ) | (5:04 CR 166) |
| Petitioner, | ) | |
| | ) | Judge James S. Gwin |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| **UNITED STATES OF AMERICA**, | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Defendant, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Mark Backhaus is a prisoner in federal custody following plea-bargained convictions on one count of coercion and enticement of a minor via the internet in violation of 18 U.S.C. §2422(b) and one count of aggravated sexual abuse in violation of 18 U.S.C. §2241(c). In exchange for his two guilty pleas, another count of coercion and enticement of a minor and one count of travel with intent to engage in illicit sexual conduct were nolled. No appeal was taken from these convictions.

Backhaus has filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence challenging his 100 month sentence imposed on October 12, 2004. In this motion he raises three grounds:

> *Ground one*: That Counsel was ineffective for failing to file a notice of appeal after being requested to do so by Movant.
>
> *Ground two*: That Counsel was ineffective for failing to move the court to apply safety valve 18 U.S.C. §3353(I).
>
> *Ground three*: that Counsel was ineffective for failing to raise Blakely on appeal as she was instructed/appionted (sic) to do so by the district court.

*Grounds One and Three: Ineffective Assistance of Counsel:*

5:05 CV 2140                                                         2

The first and third grounds essentially present the same issue and will be addressed together. To sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel, Backhaus must generally show that counsel's performance was deficient, so that counsel was not functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and secondly he "must show that the deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Backhaus contends that he made his intention to pursue an appeal clear to the court, that he was appointed counsel to follow through with his appeal process and that counsel was ineffective for failing to file the appeal barring him from raising and receiving any consideration under *Blakely*[1] and *Booker*.[2] He argues that if defense counsel had followed through with his request to appeal the decision of the court concerning the *Blakely* issue, he would have been able to challenge the 100 month sentencing term imposed by the court, apparently in anticipation of the interceding decision in *Booker*. He further argues that he believed that appeal had been taken and in the correspondence with counsel he was never given the impression that no appeal had been filed. It was not until defense counsel's reply letter dated March 29, 2005, that he was able to get some input on the appeal and discovered that counsel had not filed an appeal. (Memorandum p. 6, ECF #1-2).

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[2] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

5:05 CV 2140                                           3

At sentencing the court had indeed informed Backhaus of his right to appeal and that he "may have some rights to take on appeal . . ." (Sentencing TR. 23, Motion Ex. 5, 6, ECF #1-8, 1-9). Backhaus expressed that he wanted to appeal and his trial counsel was appointed to represent him on appeal and understood that it would include a challenge to *Blakely v. Washington* or an appeal on *Blakely* grounds. *Id.* Defense counsel argued without success for an "alternate sentence" not based on the United States Sentencing Guidelines computed range of 97 to 121 months but on a range of 51 to 63 months (Sentencing TR. 18-19, Motion, Ex. 1, ECF #1-4).

Judgment was entered on October 15, 2004 (Judgment in Criminal Case 5:04 CR 0166, ECF #35). Backhaus had 10 days in which to file a timely appeal from that date. See Fed. R. App. P. 4(b)(1)(A). On October 21, 2004 counsel communicated to Backhaus by letter:

> At this time, I can not discern a credible basis for filing a Notice of Appeal. The United States Supreme Court's decision in *Blakely v. Washington*, may provide a basis for appeal in the future. If it does, you may then consider filing a motion pursuant to Title 28, U.S.C. §2255, writ of habeas corpus. Our office will review all Supreme Court decisions carefully to determine whether any will support an argument for reduction of sentence for our clients . . . Please call me if you have any questions.

(See November 28, 2007 Counsel's Compliance of Magistrate Judge James S. Gallas' Order, Ex. A, ECF #21).[3]

The attorney-client relationship continued as Backhaus demonstrates with a copy of the January 4, 2005 letter from defense counsel which enclosed another copy of the *Blakely* decision and mentioned that counsel was "anxiously awaiting" the upcoming decision in *U.S. v. Booker*, 543

---

[3] Respondent had mentioned that there had been correspondence between counsel and Backhaus following sentencing which Backhaus had not included among his exhibits. The undersigned ordered trial counsel to produce a copy of this letter for the record.

5:05 CV 2140                                              4

U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *U.S. v. Booker* was decided shortly thereafter on January 12, 2005. (See Motion Ex. 2, ECF #1-5). Following this letter Backhaus wrote to counsel on January 25, 2005 to make further inquiries. (Motion Ex. 3, ECF #1-6). Counsel responded on March 8, 2005 that *U.S. v. Booker* may provide an opportunity for resentencing but it was not clear whether that case would apply retroactively and counsel suggested that if Backhaus had not already done so to file a §2255 motion and ask for appointment of counsel. (*Id.*). Counsel enclosed a copy of the *Booker* syllabus for Backhaus' review. (*Id.*).

Counsel corresponded again with Backhaus in a letter dated March 29, 2005 instructing Backhaus on how to obtain a copy of the sentencing hearing transcript since counsel did not have a copy. Counsel stated, "Our office is authorized to request and pay for transcripts which are needed in the case. I did not order your sentencing transcript because we did not appeal the judgment of the case." (Motion Ex. 4, ECF #1-7). Counsel again urged Backhaus to file a §2255 motion and request appointment of counsel. (*Id.*). However it was not until August 19, 2005 that Backhaus did sign a §2255 motion which was prepared with the assistance of a lay advocate and eventually filed on September 8, 2005. (See ECF #1).

It is absolutely clear that there were several errors committed by counsel in handling this matter. The primary error is that, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Florres-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000). The failure to perfect

5:05 CV 2140                                             5

a direct appeal in derogation of the defendant's actual request is a *per se* violation of the Sixth Amendment.  *Ludwig v. U.S.*, 162 F.3d 456, 459 (6th Cir. 1998).

The government contends that Backhaus' argument that his attorney was ineffective is essentially moot, citing *U.S. v. Luebbert*, 411 F.3d 602, 603 (6th Cir. 2005) because under the terms of the plea agreement, an appeal would be barred since his sentence was neither in excess of the statutory maximum nor had there been an upward departure form the Presentence Report contrary to the waiver clause of the plea agreement, so that an appeal was foreclosed.  Under these circumstances the government contends that the failure to file an appeal constituted reasonable performance under *Strickland v. Washington*.  See *Id.* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Roe* and *Ludwig* are controlling, so defense counsel's performance was not reasonable.  However, the government's argument can be read as asserting a lack of prejudice under the second prong of *Strickland*.

*Carrion v. U.S.*, 107 Fed. Appx. 545 (2004), applied *Ludwig* to hold that even though the restrictions of appeal rights contained in the plea agreement's waiver served to nullify the grounds for appeal pursuant to the plea agreement, the rule from *Ludwig* nonetheless applies.[4]   "[A] lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not." *Ludwig,* 162 F.3d at 459.  The remedy in this situation is a delayed appeal following this court's ruling on

---

[4] In *Carrion* the record was unclear as to whether there was an actual request by the defendant to counsel to file an appeal and the case was remanded to the district court to resolve this issue. *Id.* 107 Fed. Appx. at 547.  Granted *Carrion* is unpublished, hence non-binding, but given the breadth of circuit precedent from *Ludwig*, there appears to be a presumption of prejudice when defense counsel disregards a defendant-client's timely request to file an appeal.

5:05 CV 2140                                                    6

petitioner's motion to vacate. See *Ludwig*, 162 F.3d at 459; *Carrion v. U.S.*, 107 Fed. Appx. 545, 547 (6th Cir. 2004). In such circumstances the §2255 motion must be granted in part to allow Backhaus to take a delayed direct appeal. See *U.S. v. Leachman*, 309 F.3d 377, 380 n. 4 (6th Cir. 2002).[5]

The record shows that trial counsel was specifically appointed by the court to represent Backhaus on an appeal and no withdrawal was filed. The Sixth Amendment's requirements for effective assistance counsel in withdrawing from the case are capsulized in Rule 101 of the Sixth Circuit's rules. See 28 U.S.C.A. U.S. Ct. of App. 6 Cir. Rule 101).[6] Not only did counsel not

---

[5] The decision explained: "Such failure by counsel constitutes per se ineffective assistance under the Sixth Amendment and entitles the defendant to habeas relief under § 2255. In such a case, the relief available to the defendant is a delayed direct appeal. *See, e.g., Ludwig v. U.S.*, 162 F.3d 456, 458-59 (6th Cir.1998); *Rosinski v. U.S.*, 459 F.2d 59, 59-60 (6th Cir.1972) (per curiam)."
*Leachman,* 309 F.3d at 380 n.4

[6] Rule 101. **Appeals in Criminal Cases**

(a) **Continued Representation on Appeal**. Trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by this Court.

(b) **Appointment of Trial Counsel as Appellate Counsel**. If trial counsel was appointed by the district court and a notice of appeal has been filed, trial counsel will be appointed as appellate counsel without further proof of the defendant's indigency.

(c) **Appearance of Counsel**. See 6 Cir. R. 12.

(d) **Application for Pauper Status on Appeal**. See 6 Cir. R. 24.

(e) **Presentence Investigation Report**. See 6 Cir. R. 30(f)(4).

(f) **Withdrawal of Appellate Counsel**. A motion to withdraw as counsel on appeal in a criminal ease must state the reasons for such relief and be accompanied by one of the following:

> (1) a showing that new counsel has been retained to represent defendant, together with a signed appearance by new counsel; or,
>
> (2) an affidavit or signed statement from the defendant showing that the defendant has been

5:05 CV 2140                                                    7

withdraw from the case but more importantly none of the prerequisite events occurred that would allow for withdrawal.  New counsel was not retained, an affidavit was not filed from the defendant expressly electing to withdraw the appeal, no *Anders* brief was filed, nor a request submitted for leave to withdraw with court authorization.(See Rule 101l(f)).  As the rule states, trial counsel continues to be counsel for Backhaus (See Rule 101(a)).

As for the specific argument under ground three that counsel was ineffective for failing to raise a *Blakely* challenge on appeal, guidance has been furnished by the recent decision in *Nichols v. United States*, 501 F.3d 542 (6th Cir. 2007). *Nichols* is distinguishable because first, in that case the direct appeal had been exercised, and second, because in this case Backhaus' defense counsel was aware of a potential challenge to the mandatory application of the sentencing guidelines.  In

---

advised of the defendant's rights with regard to the appeal and expressly stating that the defendant elected to withdraw the appeal; or,

(3) a brief following the procedure described in *Anders v. California*, 386 U.S. 738 (1967). In addition to the service otherwise required, counsel shall serve a copy of the brief and motion on the defendant and advise the defendant that the defendant has 21 days from the date of service in which to file a brief in support of reversal of the conviction. Such a motion must be accompanied by proof of service on the defendant; or,

(4) a detailed statement setting forth reasons why it would be unethical, unfair or unreasonable to require counsel to continue to represent defendant. In addition to the service otherwise required, counsel shall serve a copy of the motion, including this statement, on the defendant and advise the defendant that the defendant has ten days from the service of the motion to file a response with this Court. Such a motion must be accompanied by proof of service on the defendant.

(g) **Petition for Writ of Certiorari**. Counsel appointed by the Court is obligated to file a petition for a writ of certiorari in the Supreme Court of the United States if the client requests that such a review be sought and, in counsel's considered judgment, there are grounds for seeking Supreme Court review.

(h) **Direct Appeals of Federal Convictions in Which the Sentence is Death**. The page limitations and time requirements of 6 Cir. R. 22(c)(5), (7), (8), (9), and (10) are also applicable to direct appeals of federal convictions which result in a sentence of death.

(I) **Motions for Extension of Time**. See 6 Cir. R. 26(b).

5:05 CV 2140                                    8

*Nichols*, after acknowledging the legal maxim that "[u]sually a later change in the law will not render an attorney's earlier performance deficient," *(Id.* at 545), the decision found deficient performance for non-recognition of a sentencing guideline challenge explaining:

> With the future state of the law so uncertain post- *Apprendi*, we believe that any counsel whose performance satisfied an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, would have at least been cognizant of possible extensions of *Apprendi* to challenge the Federal Sentencing Guidelines and the necessity of preserving those challenges in case the Supreme Court struck down the Guidelines while the defendant's case was pending on direct appeal. The addition of multiple enhancements to Nichols's Guidelines range, including at least two-vulnerability of a victim and use of a child in the course of the offense-indisputably based purely on judge-found facts, provided the ideal circumstances for one such challenge. Additionally, Nichols's counsel did challenge Nichols's Guidelines range on other grounds, including a request for a downward departure. Under these circumstances, we conclude that counsel performed deficiently by failing to raise an additional Sixth Amendment challenge to the increases in Nichols's Guidelines range.(footnote omitted).

*Nichols v. U.S.,* 501 F.3d at 546.

This case, though, does reinforce that counsel's decision not to proceed with an appeal was reasonable, in a back-handed sort of way. The guideline calculation was based on admissions in the written plea agreement and contained in the sentencing stipulations (See Plea Agreement ¶¶ 10, 13-17, 19-21, Case No. 5:04 CR 166, ECF # 35). Only the matter of Backhaus' criminal history category was deferred to the presentence investigation (*Id.*, ¶21). At sentencing his criminal history category was found be the lowest category, category "I." (Sentencing TR. at 15).

As a result, argument for downward departure would not be proper under U.S.S.G. §4A1.3(b), as Backhaus' criminal history category did not "substantially over-represent the

5:05 CV 2140                                                           9

seriousness of the defendant's criminal history." Also argument based on *Apprendi*, *Blakely* or for that matter *Booker* has no legal foundation because the sentencing calculation (in contrast with *Nichols*) was not the product simply from a presentence report. The facts supporting the sentence were admitted in the plea agreement. so the sentence did not violate the Sixth Amendment.  See *United States v. Dillard*, 438 F.3d 675, 684, (6th Cir. 2006), *cert. denied*, 127 S.Ct. 291, 166 L.Ed.2d 222 (2006). *Booker* in reaffirming *Apprendi* stated, "[a]ny fact (other than prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S.Ct. at 756. Accordingly, counsel adequately assessed that there was no basis for an appeal even when considered with the failure to prognosticate the future effect of *United States v. Booker.* [7]

This court, as highlighted by the government's argument, is constrained because *Blakely* and *Booker* do not apply retroactively on §2255 motions.  See *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 199 (2005); *Valentine v. United States*, 488 F.3d

---

[7] In explaining the difference between clear legal "foreshadowing" and a failure of defense counsel to anticipate a change of law the decisions in *Nichols* explained:

> Because *Apprendi* addressed only facts that increased the penalty for a crime beyond the statutory maximum and did not address facts that increased a mandatory Guidelines range, we are wary to say that Booker was "clearly foreshadowed" by *Apprendi. Cf. Valentine v. United States*, 488 F.3d 325, 328-31 (6th Cir.2007) (concluding that *Booker* does not apply retroactively on collateral review to defendants sentenced after *Apprendi* ); *United States v. Koch*, 383 F.3d 436, 438-43 (6th Cir.2004) (en banc) (concluding 8-5 that *Apprend*i and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), did not require striking down the Federal Sentencing Guidelines), vacated, 544 U.S. 995, 125 S.Ct. 1944, 161 L.Ed.2d 764 (2005). However, *Apprendi* did cast considerable doubt on the constitutionality of the mandatory Guidelines regime. At the time, a number of commentators suggested that the Federal Sentencing Guidelines might not survive *Apprendi.*(footnote omitted)

*Nichols v. U.S.*  501 F.3d at 545.

5:05 CV 2140                                                    10

325, 331 (6th Cir. 2007). Backhaus can raise his anticipated arguments for his appeal only in a delayed appeal and not through this §2255 motion.

*"Safety Valve:"*

The second ground that counsel was ineffective to move the court to apply its safety valve provision under 18 U.S.C. §3553(I) is frivolous. Backhaus states that he did have discussions with counsel on this issue and counsel informed him that there was no safety valve provision that applied to his offenses. (Memorandum p. 5, ECF #1-2). First of all, there is no subsection "I" under 18 U.S.C. §3553. Backhaus' argument under his second ground apparently refers to the safety valve provisions contained in 18 U.S.C. §3553(f). Under this subsection, mandatory minimum sentences are eliminated when: (1) the defendant has no more than one criminal history point, (2) no weapons, violence, serious bodily injury or death are connected with the events, (3) the defendant is not a leader or an organizer and (4) the defendant has shared all known information about the offense with the government. 18 U.S.C. §3553(f); U.S.S.G. §5C1.2. This statutory subsection expressly limits its application to violations under the Controlled Substance Act and the Controlled Substances Import or Export Act. In any event, Backhaus does not show that the statutory minimum sentence was less than the sentence under the guidelines to 100 months. The statutory minimum sentence under 18 U.S.C. §2422(b) for coercion and enticement is 120 months and 360 months for a conviction under 18 U.S.C. §2241(c) for sexual abuse of children. It is clear that he was sentenced pursuant to the guidelines and not statutory mandatory minimum sentences.

5:05 CV 2140                                                    11

*Appointment of New Counsel*:

As mentioned previously, defense counsel has not removed herself from this case and currently remains Backhaus' counsel. It is also recommended that new counsel be appointed for Backhaus for his delayed appeal. See *Penson v. Ohio*, 488 U.S. 75, 83, 109 S. Ct. 346, 351, 102 L.Ed.2d 300 (1988)("Most significantly, the Ohio court erred by failing to appoint new counsel to represent petitioner after it had determined that the record supported "several arguable claims.")

It may be likely that an *Anders* brief will follow and the net effect of this proceeding will be a mere legal exercise. However, there is no factual dispute over counsel's appointment for an appeal at defendant-client's request after counsel had fanned the flames of false hope at sentencing, causing Backhaus to believe that *Blakely* provided a basis for further reduction of his sentence. The insincerity of counsel's argument was demonstrated a few days later, when counsel was dismissive of Backhaus' request for an appeal with the statement that there was no discernable "credible" basis for an appeal. Counsel ignored her duty as Backhaus' appellate counsel to proceed with an appeal or to at least follow the dictates of Rule 101(f) in withdrawing her representation.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, it is recommended that Backhaus' motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. §2255 be denied with respect to his second ground. However with respect to his first and third grounds the motion should be granted to enable taking of a delayed appeal. Accordingly it is recommended that a certificate of appealability issue under 28 U.S.C. §2253(c)(1) and (2) to allow Backhaus to appeal this issue of

5:05 CV 2140                                                                                    12

ineffective assistance of counsel for failing to take an appeal, and new counsel be appointed for this endeavor.

                                                       s/James S. Gallas
                                              United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: January 14, 2008